## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 15 B 10684 |
| Apartamentos Velazquez, Inc., | ) | | |
| | ) | Judge: | Hon. Carol A. Doyle |
| | ) | | |
| Debtor. | ) | | |

To:   See Attached List

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **April 8, 2015** at the hour of **10:00 a.m.** or as soon thereafter as Counsel may be heard, I shall appear before the **Honorable Judge Carol A. Doyle**, or any Judge sitting instead, in Courtroom 742 of the Dirksen Federal Building, 219 South Dearborn St., Chicago, Illinois, 60604, and present the attached **Motion for Interim and Final Orders (A) Authorizing Debtor to Use Cash Collateral and Other Collateral and Granting Adequate Protection Pursuant to Sections 361, 362 and 363 of the Bankruptcy Code, and (B) to Schedule a Final Hearing,** a copy of which is hereby served upon you. You may appear if you so choose.

Joshua D. Greene
**Springer Brown, LLC**
400 South County Farm Rd.
Suite 330
Wheaton, IL  60187
(630) 510-0000

### CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Wheaton, Illinois on March 27, 2015

/s/ Joshua D. Greene /s/

## SERVICE LIST

*Via Electronic Service*

James M. Crowley on behalf of Creditor PNC Bank, N.A.
jcrowley@crowleylamb.com, docket@crowleylamb.com;mmusto@crowleylamb.com

Joshua D. Greene on behalf of Debtor Apartamentos Velazquez, Inc.
jgreene@springerbrown.com, iprice@springerbrown.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Francis J. Pendergast, III on behalf of Creditor PNC Bank, N.A.
fpendergast@crowleylamb.com, ibenavides@crowleylamb.com;docket@crowleylamb.com

*Via United States Mail*

Apartamentos Velazquez, Inc.
c/o Jose L. Velazquez
1383 Glengary Drive
Glengary Heights, IL 60139

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 15 B 10684 |
| Apartamentos Velazquez, Inc., | ) | | |
| | ) | Judge: | Hon. Carol A. Doyle |
| | ) | | |
| Debtor. | ) | | |

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND OTHER COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361, 362 AND 363 OF THE BANKRUPTCY CODE, AND (B) TO SCHEDULE A FINAL HEARING**

NOW COMES the Debtor-In-Possession, Apartamentos Velazquez, Inc. ("Debtor"), by its undersigned counsel, and submits this Motion for Entry of Interim and Final Orders Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection Pursuant to 11 U.S.C. §§361, 362 and 363, and to Schedule a Final Hearing (the "Motion"). In support of this Motion, the Debtor submits as follows:

### Jurisdiction and Background

1. On March 25, 2015 (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq* (the "Code").

2. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

4.      The statutory basis for the relief requested by the Motion are 11 U.S.C. §§361, 362 and 363, Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules")

5.      Debtor is the owner of several multi-unit buildings located in Melrose Park, Villa Park and Bensenville, Illinois. It leases most of the units and the rents serve as its exclusive form of revenue. It was forced to file the present Chapter 11 proceeding due to a pending foreclosure proceeding with its secured lender, PNC Bank and the threat of a receiver being appointed which would have devastated the Debtor's rental business. The buildings are worth far more than the amount of the loan from PNC and the Debtor intends to either negotiate a workout with PNC Bank or refinance the buildings to pay off the debt.

## Prepetition Capital Structure

6.      Prior to the Petition Date, Debtor borrowed certain sums of money from PNC Bank ("PNC"), pursuant to certain loan documents (collectively the "Secured Lender Loan Documents") which consists of three separate loans. As of the Petition Date, there was and remains due and owing from the Debtor to the Secured Lender under the Secured Lender Loan Documents: (1) For Loan #60449844778, the amount of $466,472.55; (2) For Loan #604498483, the amount of $991,052.00; and (3) For Loan #604498492, the amount of $1,152,022.90.

7.      As of the Petition Date, Secured Lender held a perfected lien on substantially all of the Debtor's assets through various assignments of rent recorded in conjunction with the recorded mortgages on each property of which the Debtor owns.

## Relief Requested

8.      By this Motion, the Debtor requests (A) entry of interim and final orders authorizing the Debtor to use Secured Lender's cash collateral pursuant to Sections 361, 362 and

363 of the Code and any other collateral in which Secured Lender has an interest in (the "Prepetition Collateral"), and provide adequate protection of Secured Lender's interests in the Prepetition Collateral resulting from its use; and (B) pursuant to Bankruptcy Rule 4001, schedule, within 30 days of the entry of the Interim Cash Collateral Order, a hearing (the "Final Hearing") for this Court to consider entry of a final order authorizing the use of Cash Collateral, as set forth in this Motion. The proposed interim cash collateral order to be entered ("Interim Cash Collateral Order") is attached hereto.

9. Without the use of the Cash Collateral, the Debtor does not have sufficient available working capital to finance its ongoing post-petition business operations. Debtor believes that use of its Cash Collateral will allow it to operate as a going concern, and thus maximize the value of the estate for all creditors. In the absence of immediate authorization of the use of the Cash Collateral, the Debtor could not continue to operate its business, and will incur immediate and irreparable harm to its estate. The use of such Prepetition Collateral is fair and reasonable and reflects the Debtor's exercise of prudent business judgment consistent with its fiduciary duties. Further, the Debtor believes that the proposed adequate protection payment of $27,620.00 per month for Secured Lender, including the use of Cash Collateral to pay post-petition operating expenses and post-petition liens, will preserve the value of the Debtor's estate for the benefit of Secured Lender.

10. Local Rule 4001-2, which governs cash collateral motions filed within this Judicial District, requires the Debtor to highlight certain provisions contained in the Interim Cash Collateral Order, identify the location of any such provision in such order, and state the justification for the inclusion of such provision. The Debtor believes that Local Rule 4001-2 is minimally implicated by the provisions of the Interim Cash Collateral Order, but to the extent

that Local Rule 4001-2 is implicated, that such provisions are justified and necessary in the context and circumstances of this case.

11.     Local Rule 4001-2(A)(2)(b) provides for additional disclosure with respect to findings of fact that bind the estate or all parties in interest with respect to the validity, perfection or amount of the secured creditor's lien without giving parties in interest at least 75 days from the entry of the order and the creditors' committee, if formed, at least 60 days from the date of its formation to investigate such matters. In Sections (2) and (I) of the Interim Cash Collateral Order, Debtor acknowledges the validity and amount of Secured Lender's lien. However, Debtor believes that these sections are appropriate because it may be necessary to obtain the Secured Lender's consent to the use of cash collateral.

12.     Local Rule 4001-2(A)(3) requires that all cash collateral motions provide a summary of all provisions that must be highlighted under Local Rule 4001-2(A)(2) and a summary of the essential terms of the proposed usage of cash collateral. Debtor asserts that it has complied with this requirement by attaching the Interim Cash Collateral Order, which contains all of the terms of the Debtor's use of Cash Collateral, including those specifically referenced in Local Rule 4001-2(A)(3).

13.     Lastly, Local Rule 4001-2(A)(4) provides that all cash collateral motions must provide a budget covering the time period in which the order shall remain in effect. In satisfaction of such requirement, attached to the Motion as <u>Exhibit A</u> is a copy of the budget (the "<u>Budget</u>"). The Debtor shall file updated versions of the Budget with the Court as such updates become available.

## **The Court Should Allow the Debtor to Provide Adequate Protection**

14.     Under Section 363(c)(2) of the Code, the Debtor may not use the Cash Collateral without the consent of the Secured Lender or authority granted by the court. 11 U.S.C.

§363(c)(2). Section 363(e) of the Bankruptcy Code provides that on request of an entity that has an interest in property to be used by a debtor, the court shall prohibit or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. §363(e).

15. As adequate protection for Secured Lender's interest in the Cash Collateral, the Debtor proposes to use the Cash Collateral solely for the purposes outlined in the Interim Cash Collateral Order. The Debtor further proposes to: (1) make adequate protection payments to Secured Lender in the amount of $27,620.00 per month; (2) for any diminution in value of Secured Lender's interests in the Cash Collateral from and after the Petition date, grant Secured Lender a replacement lien on all of the Debtor's assets; and (3) for any diminution in value of Secured Lender's interests in the Cash Collateral from and after the Petition date, grant Secured Lender an administrative expense claim pursuant to Section 507(b) of the Code.

16. The Debtor requests that the Court find that the foregoing adequate protection to be granted to Secured Lender is reasonable and sufficient to protect its interests, without prejudice to the rights of Secured Lender to request additional adequate protection in the future.

### Notice With Respect to Final Cash Collateral Order

17. The Debtor further requests that the Court schedule a Final Hearing on the use of Cash Collateral and authorize it to serve a copy of the signed Interim cash Collateral Order, which fixes the time and date for the Final Hearing and the date for filing objections, by first class mail upon the United States Trustee and all creditors.

WHEREFORE, the Debtor prays for entry of the Proposed Cash Collateral Order and granting such other and further relief as the court deems equitable and just.

Respectfully Submitted,
Apartamentos Velazquez, Inc

By:/s/ Joshua D. Greene

                          One of its attorneys

Joshua D. Greene
**Springer Brown, LLC**
400 South County Farm Rd.
Suite 330
Wheaton, IL 60187
(630) 510-0000
Fax: (630) 510-0004
jgreene@springerbrown.com